U.S. Equal Employment
Opportunity Commission
21 South 5th Street
Philadelphia, PA 19106
(215) 440-2688
Terrence R. Cook, Senior Trial Attorney
Attorney for Plaintiff Equal Employment Opportunity Commission

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06-CV-5175 |
| v. | ) ) ) | |
| COMCAST CABLE COMMUNICATIONS, LLC, | ) ) ) | |
| Defendant. | ) ) | |

### CONSENT DECREE

A.      This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on October 27, 2006, against Comcast Cable Communications, LLC, ("Comcast"). The EEOC filed this Title VII lawsuit on behalf of Christopher Dare alleging that Comcast subjected him to a hostile work environment resulting in his constructive discharge. Comcast denies the allegations of the Complaint.

B.      This Consent Decree is entered into by and shall be final and binding between the EEOC and Comcast, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it. The provisions and requirements of this Consent Decree shall apply only to Comcast's Vineland, New Jersey facility located at 1846 Northwest Boulevard, Vineland, New Jersey 08360 ("the Vineland facility").

C.      The EEOC and Comcast agree to entry of this Consent Decree, which shall fully and finally resolve with prejudice all claims the EEOC raised in its Complaint in Civil Action No. 06-CV-5175. This Consent Decree shall not constitute either an adjudication of or finding on the merits of the complaint and shall not be construed as an admission by Comcast of any violation of Title VII.

**NOW, THEREFORE, IT IS AGREED, ORDERED, ADJUDGED AND DECREED THAT:**

### NON-DISCRIMINATION AND NON-RETALIATION

1.      This Court has jurisdiction over the parties and subject matter of this action.

2.      Comcast is enjoined from engaging in harassment of any employee on the basis of sex or retaliation in violation of Title VII.

3.      Comcast is enjoined from engaging in any employment practices which retaliate within the meaning of Title VII against any person, including but not limited to Christopher Dare, because of that person's opposition to any practice made an unlawful employment practice under Title VII or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII.

4.      Unless required by applicable law, deposition, or subpoena, Comcast shall not divulge to any identifiable employer or potential employer of Christopher Dare any of the facts or circumstances related to the claims of discrimination against Comcast in this case or any of the events relating to his participation in the litigation of this action

-2-

5.     Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Comcast under Title VII or the EEOC's authority to process or litigate any charge of discrimination now pending or filed in the future against Comcast.

## MONETARY RELIEF

6.     Within 10 business days after receipt of a Release in the Form of Exhibit 1 hereto, Comcast agrees to pay monetary relief to Christopher Dare in the gross amount of ninety eight thousand seven hundred and fifty dollars ($98,750.00), less applicable withholdings as required by law, in full settlement of the claims raised on his behalf against Comcast in the EEOC's Complaint. This sum was agreed upon by the parties in order to resolve this matter without need for further litigation. The EEOC will provide Comcast with Mr. Dare's address. Comcast will mail the check to Mr. Dare via certified mail and send a copy within five business days thereafter to the attention of Terrence R. Cook, Senior Trial Attorney, EEOC, 21 South Fifth Street, Suite 400, Philadelphia, PA 19106-2515.

## POSTING OF NOTICE

7.     Within 20 business days after entry of this Decree, Comcast shall post on all bulletin boards used by Comcast for communicating with employees at its Vineland, New Jersey facility same-sized copies of the Notice attached as Exhibit 2 to this Decree. The Notice shall remain posted for two years from the date of entry of this Decree.   Should posted copies become defaced, removed, marred or otherwise illegible, Comcast agrees to post a readable copy in the same manner as heretofore specified.

## NON-DISCRIMINATION AND ANTI-HARASSMENT POLICIES AND COMPLAINT PROCEDURES

8.      Within 90 days after entry of this Consent Decree, Comcast shall advise Terrence R. Cook, Senior Trial Attorney, EEOC, Philadelphia District Office, that its policy or policies against discrimination, harassment and retaliation have been distributed to current employees and that new employees will receive these policies and an opportunity to acknowledge receipt. Comcast will retain copies of any acknowledgment of receipt form for such employees in both the employee's personnel file and in centralized file in the Human Resources Department.

## SUPERVISOR ACCOUNTABILITY

9.      Comcast shall promote supervisor accountability by the following conduct:

(a)      providing anti-discrimination training to all of its supervisory and managerial personnel as set forth in Paragraphs 10 and 11;

(b)      disciplining, up to and including discharge, any supervisor or manager who violates Comcast's policy or policies against discrimination, harassment and retaliation;

(c)      imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with Comcast's policy or policies against discrimination, harassment and retaliation; and

(d)      requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the Human Resources Department.

-4-

## TRAINING

10.     Comcast shall provide training on the requirements of Title VII as follows:

(a)     Comcast agrees to provide training sessions for all of its managers and supervisors, and to all Human Resources Department employees with responsibility for the Vineland facility, on employee rights and employer obligations under both Title VII and relevant state or local anti-discrimination laws, which training will emphasize what constitutes unlawful harassment and discrimination in the workplace, how to keep the company free from such discrimination, what constitutes unlawful retaliation and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of discrimination;

(b)     Comcast shall provide training in accordance with Paragraph 10(a) by no later than 180 calendar days after entry of this Consent Decree.

11.     In addition to the training described in Paragraph 10, within 60 calendar days of the entry of the Consent Decree Comcast shall provide training to all employees and supervisors in its Human Resources Department with responsibility for the Vineland facility regarding how to conduct a prompt and effective investigation into allegations, complaints or charges of employment discrimination.

12.     Comcast agrees at its expense to provide the EEOC with one (1) copy of all pamphlets, brochures, outlines or other written materials provided to attendees of training sessions delivered pursuant to this Consent Decree.

13.     Comcast shall certify to the EEOC in writing within 10 business days after all the training sessions required by Paragraphs 10 and 11 have occurred, that the training has taken place and that all of the required personnel have attended.  Such certification shall include:  (i)

the dates, location and duration of the training session; and (ii) a copy of the registry of attendance, including the name and position of each person in attendance.

## RECORDKEEPING

14.     For a period of two years following entry of this Decree, Comcast shall document and retain in a centralized file in Human Resources records of each complaint of an incident of discrimination or harassment based on sex made by any employee, reflecting the date the complaint was made, who made it, what was alleged and the actions, if any, Comcast took to resolve the matter, and shall at its expense make such records available for inspection and copying by the EEOC, upon reasonable advance notification.

15.     Comcast shall make all documents or records referred to in Paragraph 14 available for inspection and copying within 20 business days after the EEOC so requests.

16.     Nothing in this Decree shall be construed to limit any obligation Comcast otherwise may have to maintain records under Title VII or any other law or regulation.  After expiration of this Consent Decree, records will be maintained by Comcast as required by law.

## REPORTING

17.     Comcast shall furnish to the EEOC the following written report every twelve months for the duration of this Consent Decree:

(a)     Notification by Comcast that the Notice required to be posted by Paragraph 7 was posted during the term of the Consent Decree;

(b)     Notification by Comcast that it has distributed the policy or policies against

-6-

discrimination, harassment and retaliation to employees, and that Comcast has disseminated the policy or policies against discrimination, harassment and retaliation to all new employees hired during the term of the Consent Decree; and

(c)     Notification that Comcast has complied with training requirements of this Consent Decree.

## DISPUTE RESOLUTION

18.     In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 45 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 45 business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

19.     Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

20.     The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Comcast in their capacities as representatives, agents, directors and officers of Comcast and not in their individual capacities.  This paragraph shall not be construed as placing any limit on remedies available to the Court in the event any individual is found in contempt for a violation of this Decree.

21.     This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 06-CV-5175.

-7-

22.     This Consent Decree shall be filed in the United States District Court for the District of New Jersey and shall continue in effect for two years.  During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than 30 days' notice to the other party.  Should any material disputes under this Decree remain unresolved after this two year period, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved.

23.     This case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Consent Decree.

24.     The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, D.C.

_____
JACQUELINE H. McNAIR
Regional Attorney

_____
JUDITH A. O'BOYLE
Supervisory Trial Attorney

_____
TERRENCE R. COOK
Senior Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone:  (215) 440-2688
Facsimile: (215) 440-2848

_____
Michael J. Ossip, Esquire
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Phone: 215.963.5761

*Counsel for Defendant Comcast Cable
Communications, LLC.*


By the Court: _____        Date: _____
              UNITED STATES DISTRICT JUDGE

-9-

**EXHIBIT 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**      ) ) ) | **Civil Action No. 06-CV-5175** |
|      **Plaintiff,**   ) ) | |
|      **v.**   ) ) | |
| **COMCAST CABLE COMMUNICATIONS, LLC,**   ) ) ) | |
|      **Defendant.**   ) | |

## RELEASE

I, Christopher Dare, for the consideration affecting me set forth in Paragraph 6 of the Consent Decree entered into by the Equal Employment Opportunity Commission (the "EEOC"), and Defendant, Comcast Cable Communications, LLC, ("Comcast"), in Civil Action Number 06-CV-5175, do hereby waive, remit, release and forever discharge Comcast, its parent, subsidiary and affiliated entities, and its and their directors, officers, agents, employees, representatives, predecessors, successors and assigns, from any and all claims arising from or relating in any way to my employment with Comcast or the termination of my employment with Comcast, including but not limited to, all any claim for attorneys' fees and claims which were asserted in the EEOC's Complaint in <u>EEOC v. Comcast Cable Communications, LLC,</u> Civil Action No. 06-CV-5175.

This Release is freely executed in return for the good and valuable consideration set forth in the above-referenced Consent Decree. I acknowledge that I have been provided a reasonable

-10-

time to read and consider this Release.  I acknowledge that I have been advised of my right to

private counsel.  I am legally competent to execute this Release and accept full responsibility

thereof.

DATE: _11-2-06_                        _____
                                        Christopher Dare

Sworn to and Subscribed
Before me this __day
of _____, 2006

_____
NOTARY PUBLIC

My Commission Expires: _____

-11-

**EXHIBIT 2**

<u>NOTICE TO ALL COMCAST EMPLOYEES EMPLOYED IN VINELAND, NEW JERSEY</u>

This Notice is posted pursuant to a Consent Decree entered by the federal court for the District of New Jersey in <u>EEOC v. Comcast Cable Communications, LLC</u>, Civil Action Number 06-CV-5175, resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Comcast Cable Communications, LLC. ("Comcast").

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, as amended ("Title VII"), prohibits discrimination against employees and applicants for employment based upon sex, national origin, race, color or religion.  Title VII further prohibits retaliation against employees or applicants who avail themselves of the rights under Title VII by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation.  The EEOC is the federal agency which investigates charges of unlawful employment discrimination.  The EEOC has the authority to bring lawsuits in federal court to enforce Title VII.

To resolve the lawsuit, Comcast and the EEOC have entered into a Consent Decree which provided, among other things, that Comcast: (1) pay monetary relief to the former employee on whose behalf the EEOC brought suit; (2) not discriminate on the basis of sex; (3) not retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and (4) provide training to certain managers and supervisors regarding Title VII's prohibitions against discrimination, harassment and retaliation.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600.  The EEOC charges no fees and has employees who speak languages other than English.

<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to the:  Regional Attorney, EEOC Philadelphia District Office, 21 South 5th Street, Philadelphia, PA 19106.

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission | Comcast Cable Communications, LLC, |
| DATED: 11/6/06 | DATED: 11/3/06 |

-12-